**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5260

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANCE O. PORTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, District Judge. (CR-04-30045)

Submitted: November 15, 2006    Decided: November 17, 2006

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary L. Smith, LAW OFFICES OF GARY LANCE SMITH, P.C., Winchester, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Evan Seifert, Third Year Practice Intern, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lance O. Porter appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006). Porter was also convicted of possession with intent to distribute marijuana, which he does not contest. On appeal, Porter's sole argument is whether the Government presented sufficient evidence to demonstrate that his possession of the firearm was to further a drug trafficking crime. We affirm.

To determine whether there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). To establish a violation of 18 U.S.C.A. § 924(c), the Government must prove that the defendant possessed a firearm and that the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . ., whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Id.

- 2 -

(quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).  "Ultimately, the test is whether a reasonable jury could, on the evidence presented at trial, find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime . . .; 'in furtherance' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking."  United States v. Lewter, 402 F.3d 319, 322 (2d Cir. 2005).  To that end, a firearm might further or advance drug trafficking as a defense against someone trying to steal drugs or drug profits or as a deterrence to a robbery.  Lomax, 293 F.3d at 705.

Here, we find that a reasonable jury could conclude that Porter's possession of the firearm was to further drug trafficking. The .45 caliber pistol with a fully loaded magazine, but empty chamber, was found on Porter's kitchen counter next to digital scales and within close proximity to a large amount of marijuana. See id.  We therefore affirm Porter's conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED